Littleton, Judge,
delivered the opinion of the court.
Plaintiff seeks to recover the sum of $2,107.58 as damages for alleged breach of contract by defendant. The first claim is that beginning in July and August 1932 defendant breached Article 16 of the contract by failing and refusing to make proper monthly partial or progress payments as required by the contract. For this alleged breach plaintiff claims as damages a total of $953.28 made up of $398.28 representing automobile and personal expenses of plaintiff’s manager, W. S. King, and a chauffeur (Mr. King being blind), *488 from Philadelphia to Washington and return and from Philadelphia to Koswell, New Mexico, the site of the work, and return, and $555 representing salary and other expenses of King and his driver, Joe Di Angelo.
Plaintiff’s proof fails to establish that defendant breached Article 16 of the contract, which article and also paragraph 11 of the general requirements of the specifications are quoted in finding 5. The facts as established by the record and as relate to this item of the claim are set forth in findings 6 to 13, inclusive. The facts show that defendant not only made prompt monthly progress payments as agreed upon and certified by plaintiff’s superintendent in charge of the work and defendant’s construction engineer, but that such partial payments were liberal under the circumstances. The facts further show that early in November 1932 the defendant went to some length and beyond what might have been required of it under the contract, and made plaintiff a supplemental allowance of $1,000 for November, which, less the 10% retained percentage, was promptly paid. The supplemental allowance in November was made because plaintiff was having some financial difficulties and was in need of funds. All partial payments computed and paid were agreed upon and were received without protest other than the visit of plaintiff’s manager to defendant’s project engineer at Washington in October 1932 for the purpose of ascertaining if there was-any way whereby plaintiff could be paid additional amounts on the monthly progress estimates. As a result of this visit the telegrams quoted in finding 11 were exchanged between the defendant and its construction engineer. We cannot find that any action of the defendant in failing to meet its obligations under Article 16 of the contract made it necessary that plaintiff’s manager make the trip to Koswell, New Mexico. Plaintiff’s progress with the work in September and October had been unsatisfactory. Progress improved in November, probably as a result of the visit of her manager to the site,, but plaintiff’s delivery of materials continued to be slow.
The contract provided that “No partial payment will be made on work not satisfactorily executed in place”. Two. new boilers for the heating system to be furnished and in *489 stalled by plaintiff cost $8,000 and these boilers were delivered in July and the work of installation was begun. Plaintiff now claims that the sum of $3,000 less 10%, or $2,700 should have been paid on the heating system on the July 30th estimate which was paid early in August, instead of $1,400 which'was the amount computed and asked by plaintiff’s superintendent in charge of the work and accepted and paid by the contracting officer on approval by' his construction engineer. This claim of plaintiff is not supported by the evidence. It is certain that we cannot hold that defendant breached Article 16 of the contract by refusing to make proper progress payments on account of the work done on the heating system when it paid the amount which plaintiff asked.
Plaintiff’s claim for the expenses of $953.28 of the trip of her manager to Koswell, New Mexico, must therefore be denied.
The next claim of plaintiff is for damages in the amount of $1,254.30 made up of $954.30 for fuel (gas) for temporary heat as required during the performance of the contract, and $300 for attorney’s fee in defending a suit by the company that furnished the gas to provide the heat. Plaintiff furnished the gas connections and ordered a meter installed and when the bill of the gas Company was received' by plaintiff for the gas furnished during the first month she requested the Company to render the bill to the Postmaster, the contracting officer in the meantime having decided (findings 15 and 16) that plaintiff was required under its contract to furnish temporary heat. Plaintiff claims here that the contract required her to provide only, the facilities for providing adequate heat during the performance of the contract rather than to furnish both facilities and heat. She therefore insists that defendant breached the provisions of the contract contained in Paragraph 683 of the specification and should be required to respond in damages for the cost of fuel for such heat as well as the expense of defending a suit by the supplier of such fuel. The contract provisions pertinent to this claim are set forth in finding 14. The facts relevant thereto are set forth in findings 14 to 23.
*490 We are of opinion that plaintiff is not entitled to recover on this claim. A reading of paragraph 683 of the specifications entitled “temporary heat” shows rather clearly, we think, that plaintiff was to furnish the necessary temporary heat. Therefore payment for the necessary fuel for such heat was' her obligation under the contract. This contract provision deals with the furnishing of the necessary temporary heat. There is not a word in it that the defendant is to furnish anything in that connection. The phrase “adequate facilities to maintain a temperature of 70 degrees” had reference to both the facilities and also to the heat to be furnished. This, we think, is made clear by the clause which immediately follows and which states that “if he [she] fails to provide such temporary heat the government reserves the right to furnish such necessary heat and to deduct the cost of same from any money due the contractor.” We think plaintiff was not reasonably justified, when making "her bid, in interpreting this contract provision as requiring the government rather than the contractor to furnish temporary heat, if it be a fact that she did so interpret it.. Plaintiff has submitted no evidence to show that in making her bid she excluded therefrom an estimate for the cost of furnishing temporary heat.
The contracting officer decided October 14,1932, soon after plaintiff ordered the gas meter installed in the post office building, that under the provisions of paragraph 683, supra, the plaintiff was required to furnish fuel and heat. There is substantial support for this decision in the language of the contract and the decision is therefore final and binding on plaintiff under the provisions of paragraph 38 of the specifications. Cf. Maurice L. Bein v. United States, No. 44619, decided December 6, 1943.
The plaintiff is not entitled to recover and the petition is dismissed. It is so ordered.
Madden, Judge; WhitakeR, Judge; and Whaley, Chief Justice, concur.
Jones, Judge, took no part in the decision of this case.